1

2

3

**Entered on Docket**
**August 02, 2010**

4
_____
**Hon. Mike K. Nakagawa**
**United States Bankruptcy Judge**

5

6

7

8

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. 09-24830-mkn |
| KIMBERLY WITHERS | Chapter 11 |
| | Hearing Date: July 21, 2010 |
| | Hearing Time:  9:30 A. M. |
| Debtor. | |

## ORDER CONFIRMING CHAPTER 11 PLAN # 2

The plan under Chapter 11 of the Bankruptcy Code filed by KIMBERLY WITHERS, by and through her attorneys, COLEMAN LAW ASSOCIATES, on May 20, 2010 having been transmitted to creditors and equity security holders; and

It having been determined after hearing on notice that the requirements for confirmation set forth in 11 U.S.C. § 1129(a), with the exception of 1129(a)(8), had been satisfied.  The Court then determined that the Debtor's Plan met the requirements of 1129(b).  Therefore, it is hereby:

**ORDERED** that the Chapter 11 Plan #2 filed by KIMBERLY WITHERS, by and through her attorneys, COLEMAN LAW ASSOCIATES on May 20, 2010, is confirmed.

Page 1

**ORDERED** that the confirmed Plan shall include the additional terms as set forth in the following related documents:

1. Addendum to Plan #2 and Stipulation to Provide Adequate Protection to Secured Creditor Wells Fargo, which was filed with this Court on June 29, 2010 and entered by this Court on July 13, 2010;

2. Second Addendum to Plan #2, which was filed with this Court on July 20, 2010; and

3. Stipulation Regarding Adequate Protection to Secured Creditor American Home Mortgage Servicing, which was filed with this Court on July 9, 2010 and entered by this Court on July 15, 2010.

A copy of the confirmed plan, in addition to all above-mentioned stipulations and addendums, is attached hereto.

Dated: July 22, 2010.

**COLEMAN LAW ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**

By: /s/ Elizabeth DeFlyer
ELIZABETH DEFLYER, ESQ.
for COLEMAN LAW ASSOCIATES, APLC
Nevada Bar No.010021
6615 South Eastern Avenue, Ste. 108
Las Vegas, NV 89119
*Attorney for Debtor*

Page 2

1
2
3

**SUBMISSION TO COUNSEL FOR APPROVAL PURSUANT TO LR 9021**

4    In accordance with Local Rule 9021, counsel submitting this document certifies as follows

5 (check one):

6    ____ The court has waived the requirement of approval under  LR 9021.

7
8    ____ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have

9 delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has

10 approved or disapproved the order, or failed to respond, as indicated below:

11    __X__ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order

12 to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing,

13
14 and any trustee appointed in this case, and each has approved or disapproved the order, or failed to

15 respond, as indicated below (list each party and whether the party has approved, disapproved, or

16 failed to respond to the document):

17
18
19    APPROVED:

20
21    DISAPPROVED:

22
23    FAILED TO RESPOND:  Greg Wilde, Esq.

24
25
26    ###

27
28    Page 3

1

2

3

4

5

6  Edward S. Coleman, Esq., NSB 000601
   Elizabeth DeFlyer, Esq. SBN: 010021
7  COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
   6615 S. Eastern Avenue, Suite-108
8  Las Vegas, NV 89119
   Telephone: (702) 699-9000
9  Facsimile: (702) 699-9006
   E-Mail: mail@coleman4law.com
10 *Attorneys for Debtor,*
   *Kimberly Withers*

11
                     **UNITED STATES BANKRUPTCY COURT**
12                          **DISTRICT OF NEVADA**

13 | | |
   |---|---|
14 | In re: | Case No. 09-24830-mkn |
   | | Chapter 11 |
15 | KIMBERLY WITHERS | |
   | | Confirmation Hearing Date: June 30, 2010 |
16 | Debtor. | Hearing Time: 9:30 a.m. |

17

18 **ADDENDUM TO CHAPTER 11 PLAN #2 AND STIPULATION TO PROVIDE**
19 **ADEQUATE PROTECTION TO  RESOLVE SECURED CREDITOR'S OBJECTION**
   **TO CONFIRMATION OF  THE CHAPTER 11 PLAN #2 OF KIMBERLY WITHERS**

20
        This Stipulation is entered into by and between Wells Fargo Bank, N.A.,
21
   (**"Creditor"**) and the above-referenced Debtor("Debtor"), by and through her undersigned
22
   attorney. The Property which is the subject this matter is commonly know as 8136 Dolce Volpe
23
   Avenue, Las Vegas, NV 89178. (the "Subject Property").
24

25
                                Page 1
26
28

THE PARTIES HEREBY STIPULATE AS FOLLOWS:

1. The pre-petition arrears on this property are $38,465.07. Debtor will repay this amount over the 5 year term of her Chapter 11 repayment plan at the rate of $641.00 per month.

2. The terms and conditions of this Stipulation may not be modified, altered, or changed in any Chapter 11 Plan for Reorganization without the express written consent of Secured Creditor. Accordingly, Wells Fargo Bank, N.A hereby withdraws its objection to confirmation of the Debtor's Second Amended Plan of Reorganization.


Submitted by:

COLEMAN LAW ASSOCIATES, APLC
By: /s/ Elizabeth DeFlyer
ELIZABETH DEFLYER, ESQ.
for COLEMAN LAW ASSOCIATES, APLC
Nevada Bar No.010021
6615 South Eastern Avenue, Ste. 108
Las Vegas, NV 89119
*Attorney for Debtor*




APPROVED:
WILDE & ASSOCIATES


 /s/  Greg Wilde
GREG WILDE, ESQ.
WILDE & ASSOCIATES
212 South Jones Boulevard
Las Vegas, NV 89107
*Attorney for Secured Creditor*

Page 2

Edward S. Coleman, Esq., NSB 000601
Elizabeth DeFlyer, Esq. SBN: 010021
COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
6615 S. Eastern Avenue, Suite-108
Las Vegas, NV 89119
Telephone: (702) 699-9000
Facsimile: (702) 699-9006
E-Mail: mail@coleman4law.com
*Attorneys for Debtor,*
*Kimberly Withers*

EFILED 7/20/10

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>KIMBERLY WITHERS<br><br><br><br>Debtor. | Case No. 09-24830-mkn<br><br>Chapter 11<br><br>Confirmation Hearing Date: July 21, 2010<br>Hearing Time: 9:30 a.m. |

## SECOND ADDENDUM TO CHAPTER 11 PLAN #2 OF KIMBERLY WITHERS

Upon request of the Court, Debtor's Chapter 11 Plan #2 is hereby revised to include the following language in Article VI on page 15 of the Plan, so as to comply with 11 U.S.C. §1127, with substantive changes marked in bold.

### ARTICLE VI: Modification of the Plan

Debtor retains the absolute right to modify this Plan in accordance with the provisions of the Bankruptcy Code. In this regard:

a. modifications may be proposed in writing by Debtor at any time prior to confirmation provided that the Plan, as modified, meets the requirements of the Bankruptcy Code.

b. The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under subsection becomes the plan only if circumstances warrant such modification **and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title.**

Page 1

**c.  The proponent of a modification shall comply with section 1125 of this title with respect to the plan as modified.**

d. Any holder of a claim or interest that has accepted or rejected the plan is deemed to have accepted or rejected, as the case may be, such plan as modified, unless, within the time fixed by the court, such holder changes such holder's previous acceptance or rejection.

**e. If the debtor is an individual, the plan may be modified at any time after confirmation of the plan but before completion of payments under the plan, whether or not the plan has been substantially consummated, upon request of the debtor, the trustee, the United States trustee, or the holder of an allowed unsecured claim, to-**

**(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;**

**(2) extend or reduce the time period for such payments; or**

**(3) alter the amount if the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim made other than under the plan.**

**f.(1) Sections 1121 through 1128 and the requirements of section 1129 apply to any modification under subsection (a).**

**(2) The plan, as modified, shall become the plan only after there has been disclosure under section 1125 as the court may direct, notice and a hearing, and such modification is approved.**

Submitted by:

COLEMAN LAW ASSOCIATES, APLC
By: /s/ Elizabeth DeFlyer
ELIZABETH DEFLYER, ESQ.
for COLEMAN LAW ASSOCIATES, APLC
Nevada Bar No.010021
6615 South Eastern Avenue, Ste. 108
Las Vegas, NV 89119
*Attorney for Debtor*

Page 2

Edward S. Coleman, Esq., NSB 000601
Elizabeth DeFlyer, Esq. SBN: 010021
COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
6615 S. Eastern Avenue, Suite-108
Las Vegas, NV 89119
Telephone: (702) 699-9000
Facsimile: (702) 699-9006
E-Mail: mail@coleman4law.com
*Attorneys for Debtor,*
*Kimberly Withers*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In re: | Case No. 09-24830-mkn |
|---|---|
| KIMBERLY WITHERS | Chapter 11 |
| | Hearing Date: N/A |
| Debtor. | Hearing Time: N/A |

## STIPULATION REGARDING ADEQUATE PROTECTION

This Stipulation is entered into by and between American Home Mortgage Servicing, Inc.,

(**"Creditor"**) and the above-referenced Debtor("Debtor"), by and through her undersigned

attorney. The Property which is the subject of this matter is commonly know as 9724 Eucalyptus

Court, Santee, CA 92071 (the "Subject Property").

THE PARTIES HEREBY STIPULATE AS FOLLOWS:

　　　1.　　Debtor shall maintain the regular amortized monthly payments of $3468.74 per

Page 1

month at 6% interest over 30 years for the total loan amount of $578,556.00 on Secured Creditor's loan obligation, which encumbers the Subject Property.   This payment will be made to Creditor commencing April 2010.

2.      Debtor will also pay an additional $1051.50 per month in the months of July 2010 through December 2010 to catch up on amounts which Debtor is behind.  Upon making the final extra  payment of $1051.50 in December 2010, Debtor will be current on payments and will continue thereafter with the regular amortized payment of $3468.74.

3.      Payments on Secured Creditor's loan obligation shall be made to: American Home Mortgage Servicing, Inc., 1525 S. Beltline Road, Suite 100 N, Coppell, TX, 75019, Attention: Bankruptcy Department.

4.      Debtor shall comply with the terms and conditions of her Chapter 11 Plan of Reorganization with respect to the payments. Debtor shall also remain current on property  taxes and  insurance on the Subject Property, naming Secured Creditor as loss payee.

5.      For so long as the automatic stay applies to the property, if the Debtor fails to maintain the regular monthly payments on Secured Creditor's Trust Deed obligation, allowing for the normal grace period, or fails to maintain property taxes or insurance, then Secured Creditor may file and serve upon Debtor and Debtor's Counsel, a Fifteen (15) Day Notice of and Declaration Re: Breach of Condition.

6.  Written notice shall be provided to Debtor at 8136 Dolce Volpe Avenue, Las Vegas, NV 89178, as well as to Edward S. Coleman at 6615 South Eastern Avenue, Suite 180, Las Vegas, NV 89119, Debtor's attorney of record, indicating the nature of the default.

7. For each such Declaration Re: Breach of Condition filed, there shall be assessed  an attorneys' fee of $100.00 to be paid directly to Secured Creditor's counsel.

8.  If Debtor fails to cure the default after the passage of fifteen (15) calendar days from

Page 2

the date the written notice is placed in the mail, then Secured Creditor may submit to this Court an Affidavit of Default with an Order vacating the automatic stay as to Secured Creditor, and Secured Creditor may thereafter proceed with foreclosure proceedings upon the Subject Property, pursuant to applicable state law.

9.  In the event the instant bankruptcy proceeding is dismissed or discharged, this Order shall be terminated and have no further force or effect.

10. The terms and conditions of this Stipulation may not be modified, altered, or changed in any Chapter 11 Plan for Reorganization without the express written consent of Secured Creditor. Accordingly, American Home Mortgage Servicing, Inc. accepts the Debtor's Second Amended Plan of Reorganization as to the property located at 9724 Eucalyptus Court, Santee, CA 92071.

Submitted by:

COLEMAN LAW ASSOCIATES, APLC
By: /s/ Elizabeth DeFlyer
ELIZABETH DEFLYER, ESQ.
for COLEMAN LAW ASSOCIATES, APLC
Nevada Bar No.010021
6615 South Eastern Avenue, Ste. 108
Las Vegas, NV 89119
*Attorney for Debtor*

APPROVED:
MCCARTHY HOLTHUS

/s/Christopher M. Hunter
CHRISTOPHER Hunter
Christopher Hunter, Esq.
For MCCARTHY HOLTHUS
9510 West Sahara, #10
Las Vegas, NV 89117
*Attorney for Secured Creditor*

Page 3

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re | ) | CASE No: BK-S 09-24830 MKN |
| | ) | |
| KIMBERLY WITHERS, | ) | CHAPTER 11 |
| | ) | |
| Debtor in Possession | ) | IN CHAPTER 11 PROCEEDINGS |
| | ) | |

# CHAPTER 11 PLAN #2 OF

# REORGANIZATION

# *of*

# KIMBERLY WITHERS

Submitted by:

COLEMAN LAW ASSOCIATES, APLC
Attorney for KIMBERLY WITHERS
6615 S. Eastern Avenue, Ste. 108
Las Vegas, NV 89119
phone (702)699-9000
fax (702) 699-9006

-1-

# TABLE OF CONTENTS

ARTICLE I            DEFINITIONS.................................................... pages 3-8

ARTICLE II           SUMMARY..................................................... pages 8-9

ARTICLE III          CLASSIFICATIONS OF CLAIMS.................................. pages 9-14

ARTICLE IV           TRANSFER OF CLAIMS............................. page 14

ARTICLE V            MEANS FOR EXECUTION OF THE PLAN.................... page 14

ARTICLE VI           MODIFICATION OF THE PLAN..................................... page 15

ARTICLE VII          RETENTION OF JURISDICTION.................................. pages 15-16

ARTICLE VIII         MISCELLANEOUS PROVISIONS................................. page 16

ARTICLE IX           ALLOWANCE OF ADMINISTRATIVE CLAIMS........... page 17

ARTICLE X            RIGHTS OF PRIORITY CLAIMANTS............................ page 17

ARTICLE XI           RIGHTS OF SECURED CLAIMANTS............................ page  17

ARTICLE XII          RIGHTS OF UNSECURED CLAIMANTS...................... pages 17-18

ARTICLE XIII         EXECUTORY CONTRACTS........................................... page18

ARTICLE XIV          MISCELLANEOUS PROVISIONS................................. page 18

ARTICLE XV           CRAM DOWN.................................................... page 18

ARTICLE XVI          PAYMENT OF SECTION 1930 FEES............................... page 18

ARTICLE XVII         REVOCATION OF PLAN................................................... page 19

ARTICLE XVIII        DISCHARGE........................................................ page 19

ARTICLE XIX          INCORPORATION OF DISCLOSURE STATEMENT........page 20

## DEBTOR'S PLAN OF REORGANIZATION

KIMBERLY WITHERS, the Debtor-in-Possession (hereinafter "Debtor") in this Chapter 11 bankruptcy, hereby proposes the following Plan of Reorganization, by through her attorney of record, COLEMAN LAW ASSOCIATES, APLC, requesting acceptance of the Plan by her creditors, and confirmation of the Plan by the court.

## ARTICLE 1

## DEFINITIONS

The following terms, when used in this Plan of Reorganization, shall have the following respective meanings:

### 1.01 "Administrative Claim"

This term shall refer to every claim to an expense of administration of the reorganization case including the actual and necessary expenses of preserving and making a disposition of the assets of the Debtor, any actual and necessary expenses of operating the business, and all allowances, including professional fees, costs, and U.S. Trustee's fees, and other claims approved by the Court in accordance with the provisions of the United States Bankruptcy Code.

### 1.02 "Administrative Claimant"

This term shall mean any Person, including a Professional, entitled to payment on account of an Administrative Claim.

### 1.03 "Allowed Amount"

This term shall refer to every claim: (A)(i) as for which a Proof of Claim has been filed with the Court in the time fixed by the Court or, if such claim arises from the Debtor's rejection of an executory contract, if any, from thirty (30) days after the Effective Date of the Plan, or (ii) which Debtor has listed or scheduled, as of the effective date of the Plan, as liquidated in an amount undisputed; and in either event: (B) (i) as to which no objection to the allowance of such claim, or requests for subordination thereof which (if granted) will effect the distribution to the

-3-

creditor asserting the claim, has been filed within any applicable time period fixed by the Court, or (ii) as to which the Order allowing such claim and establishing (if applicable) its priority have become final and non-appealable.

**1.04 "Bankruptcy Code:"**

_____ This term shall refer to Title 11 of the United State Code, as now existing and hereafter amended.

**1.05 "Business Day"**

This term shall mean any day other than Saturday, Sunday, a legal holiday or a day on which national banking institutions in Nevada are authorized or obligated by law or executive order to close.

**1.06 "Claim"**

This term shall refer to a right of payment from the Debtor's Estate, which is evidenced by a timely filed Proof of Claim which is allowed by the Court, or is a Proof of Claim is not filed by the Creditor, a right which otherwise appears in the Debtor's bankruptcy schedules and (i) is not listed as disputed, contingent, or unliquidated, (ii) has not been resolved by Final Order of the Court in this reorganization case, or (iii) which has been otherwise satisfied.

**1.07 "Class"**

This term shall mean any class into which Claims are classified.

**1.08 "Confirmation"**

This term shall mean the entry by the Bankruptcy Court of an order confirming the plan in accordance with Chapter 11 provisions of the Bankruptcy Code.

**1.09 "Confirmation Date"**

This term shall refer to the date set by the Court pursuant to §1128 of the Bankruptcy Code and Bankruptcy Rule 3020(b) to consider confirmation of the Plan.

**1.10 "Confirmation Order"**

This term shall refer to an order entered by the Court confirming the Plan and any all supplemental Orders confirming amendments to the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

**1.11 "Court"**

This term shall refer to the United States Bankruptcy Court for the District of Nevada, including the Bankruptcy Judge presiding in the Chapter 11 case of the Debtor.

### 1.12 "Creditor"

This term shall refer to all creditors of the Debtor holding claims for debt, liabilities, demands or claims of any character whatsoever, whether or not such claim is an "allowed claim," encompassed within the statutory definition set forth in Section 101(10) of the Bankruptcy Code.

### 1.13 "Creditors Committee"

This term shall refer to the Creditors Committee appointed by order of the Court, the members thereof and successor members. No creditors committee was appointed in this proceeding.

### 1.14 "Debtor"

This term shall refer to KIMBERLY WITHERS, an individual, who is the Debtor of record in the instant case.

### 1.15 "Debtor's Assets"

This term shall mean all right, title and interest in and to all property of every kind of nature, whether known or unknown, owned by Debtor or the Estate, including, but not limited to, and cash, real property interests, tax refunds, equipment, furniture, or other tangible property, accounts receivable, work in process, contract rights, insurance policies, intangible property, books and records, and whether known or unknown, causes of action, including, but not limited to, (i) all claims and rights against insiders and affiliates of Debtor and third parties and (ii) all claims and rights arising under or related to the Bankruptcy Code, including but not limited to, §§ 362, 505, 506, 510, 541, 542, 543, 544, 545, 547, 548, 549, 550, 551, 552, and 553 of the Bankruptcy Code.

### 1.16 "Disbursing Agent"

This term shall refer to the party who is responsible for disbursing funds for payment according to the terms of a confirmed plan.

### 1.17 "Discharge"

This term shall refer to the result of the completion of payments following the confirmation of the Plan. Completion of these payments will, and does fully discharge Debtor as

-5-

provided in §1141(d) of the Bankruptcy Code and the Plan does not provide for exceptions to discharge under 1141(d)(3), except as to any postpetition claims.

**1.18 "Disputed Claim"**

_____This term refers to a claim against the Debtor (a) that is listed in the Debtor's schedules as disputed, contingent, or unliquidated; (b) that is listed in the Debtor's schedules as undisputed, liquidated, and not contingent as to which a proof of claim has been filed with the Court, to the extent the proof of claim amount exceeds the scheduled amount; (c) that is not listed on the Debtor's schedules but as to which a proof of claim has been filed with the Bankruptcy Court; or (d) as to which an objection has been or may be timely filed and has not been denied by Final Order. To the extent an objection is related to the allowance of only part of a claim, such claim shall be a Disputed Claim only to the extent of the objection.

**1.19 "Distribution Date"**

This term refers to the date designated by the Plan on which distribution of Dividends to Allowed Unsecured Claims.

**1.20 "Dividend"**

_____This term refers to a payment in cash in the amount provided by the Plan for a designated class of claimants.

**1.21 "Effective Date"**

_____This term refers to the thirtieth (30th) day following the date of the order confirming the plan, if no notice of appeal is timely filed, or if a notice of appeal is filed, during which time no motion for stay pending appeal is granted or superceding bond is approved and filed, then it shall be the date on which the order confirming plan is a final order.

**1.22 "Final Decree"**

_____This term refers to the order of the Court entered after all payments and distributions of monies called for under the Plan have been made (i) discharging the Trustee and canceling his bond, (ii) making provision by way of injunction or otherwise as may be equitable, and (iii) closing the reorganization case.

**1.23 "Final Order"**

_____This term refers to an order of the Court which, not having been reversed, modified or

-6-

amended and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become conclusive of all matters adjudicated thereby and is in full force and effect.

**1.24 "Insider"**

This term shall refer to (i) a relative of the Debtor or of a general partner of the Debtor; (ii) a partnership in which the Debtor is a general partner; (iii) a general partner of the Debtor; or (iv) a corporation of which the Debtor is a director, officer, or person in control.

**1.25 "Lien"**

This term shall refer to a mortgage, pledge, judgment lien, security interest, charging order, or other charge or encumbrance on property which is effective under applicable law as of the date of the commencement of the reorganization case.

**1.26 "Plan"**

This terms shall refer to this Plan of reorganization and every subsequent modification thereof, if any, filed by the debtor.

**1.27 "Priority Claim"**

This term shall refer to those allowed claims which are entitled to priority provided for under § 507(a) of the Bankruptcy Code.

**1.28 "Pro Rata Share"**

This term shall refer to the amount which is the result of multiplying the monies available for distribution to a named class of creditors by that fraction in which the numerator is the allowed amount of a particular claim in the named class and the denominator is the total amounts of all the claims in the named class.

**1.29 "Reorganized Debtor"**

This term shall refer to the Debtor after entry of the Order Confirming the Plan.

**1.30 "Secured Claim"**

This term shall refer to the claim of any creditor secured by liens on property, which liens are valid, perfected, and enforceable under applicable law, and are not subject to avoidance under the Bankruptcy Code or other applicable non-bankruptcy law, and are duly established in this case, to the extent of the value of the security, as determined in accordance with §506 of the

Bankruptcy Code.

**1.31 "Substantial Consummation"**

_____This term shall refer to that which occurs upon the payment of the first Distribution under the Plan.

**1.32 "Unsecured Claim"**

_____This term shall refer to all business claimants or other claimants of every nature, holding claims for unsecured debts, liabilities, demands, or claims of every character whatsoever.

**1.33 "Unsecured Creditor"**

_____This term shall refer to the holder of an unsecured claim.

**General Terms and Conditions**

_____This Plan is intended to deal with all claims against the Debtor of whatever character, whether or not contingent or liquidated, and whether or not allowed by the Court pursuant to §502(a) of the Bankruptcy Code. However, only those claims allowed pursuant to §502(a) of the Bankruptcy Code will receive treatment afforded by the Plan.

**ARTICLE II:SUMMARY**

_____This Plan of Reorganization, (the **"Plan")** under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101, *et. seq.* (the "**Bankruptcy Code")** proposes to pay creditors of Kimberly Withers, the above captioned debtor and debtor-in-possession, (the "**Debtor")** from the reorganization of her finances.

This Plan provides for 2 classes of secured claims and 1 class of general unsecured claims, as well as 1 class of priority unsecured claims. General unsecured creditors holding allowed claims will receive distributions totaling $900.00 per quarter. These payments will continue for a total of 20 quarterly payments. This Plan also provides for the payment of administrative and priority claims in full on the effective date of this Plan, or as agreed by the holder of such administrative or priority claim.

_____All creditors should refer to Articles III through V of this Plan for information regarding

-8-

precise treatment of their claims. A Disclosure Statement (the "**Disclosure Statement")** that provides more detailed information regarding this Plan and the rights of creditors was circulated with this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult with one.

### ARTICLE III. -CLASSIFICATION AND TREATMENT OF CLAIMS

The Plan of Reorganization constitutes the Chapter 11 plan of reorganization of the Debtor. All claims against the Debtor are placed in classes (each a **"Class" )** as designated by Classes 1 through 4.

#### Unclassified Claims- General Information

Certain types of claims are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Debtor did *not* place the following claims in any class.

#### Administrative Expenses

Administrative expenses are costs or expenses of administering the Debtor's Chapter 11 case which are allowed under section 507(a)(2) of the Bankruptcy Code. Administrative expenses also include the value of any goods or services sold to the Debtor in the ordinary course of business. The Bankruptcy Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to different treatment.

#### Priority Unsecured Claims

This type of claim includes those that are referred to in §507(a)(1),(4),(5),(6), and (7) of the Bankruptcy Code. The Bankruptcy Code requires that each holder of such claim receive cash on the effective date of the Plan equal to the allowed amount of such claim. A class of holders of such claims, however, may vote to accept different treatment.

#### PLAN PROVISIONS: CLASSES

#### Unsecured Claims- General Information

The Debtor's Schedules contain a list of unsecured claims. This list was compiled from

the data from the Debtor's records and may not be entirely accurate. To date, there are $8261.49 in unsecured claims and $1,999,934.94 in secured claims filed with the Bankruptcy Court. There is also a priority claim of $5854.87 filed by the Internal Revenue Service.

The Debtor has reviewed both the schedules and the claims filed to determine the accuracy of both. Some of these creditors filed their Proof of Claim as secured claims and some creditors filed a Proof of Claim containing amounts different from those scheduled by the Debtor. Debtor will file an amended Schedule F to reflect these changes in claim status.

The Debtor reserves the right, in the event she is unable to make the full payment per quarter to any Class of Creditors, ("the affected Class"), in any given year, to pay the unpaid amount over the remaining three quarters of that year. In the event the Debtor is unable to make a quarterly payment, the Debtor shall send notice of inability to make the payment to all of the Creditors in the affected Class. The Creditors in the affected Class shall have the right, with reasonable notice, to audit the Debtor's books and records from the prior quarter to determine that the Debtor was in fact not able to make a payment during that quarter. Such a delay in payment shall not constitute a default under the Plan of Reorganization. The Debtor shall be allowed only one missed payment per Class per 12 month period and shall bring the missed payment current during the following 11 months.

The Debtor's Plan of Reorganization will provide for classification of creditors in accordance with the United States Bankruptcy Code. This Plan proposes the usage of Debtor's income from business operations and employment with the net profits to be utilized to fund the Plan. Under the instant Plan, claims of Creditors and ownership interests are classified as follows:

-10-

**PLAN CLASSIFICATION CHART:**

| CLASS/ PROPERTY DESCRIPTION | IMPAIRMENT | TREATMENT |
|---|---|---|
| CLASS 1: PRIORITY UNSECURED CLAIMS | Unimpaired: deemed to have accepted the Plan pursuant to §1126(f). Not entitled to vote. | If the claim is determined to be valid, Debtor will make arrangements to pay the claim amount to the Internal Revenue Service, or receive cash on the effective date of the Plan equal to the allowed amount of such claim. |
| CLASS 2: Unimpaired Secured Claims | Unimpaired: deemed to have accepted the Plan pursuant to §1126(f). Not entitled to vote. | Paid in full in accordance with the terms of its related note and mortgage. This Class is divided into 2 subsections. |
| CLASS 3: Secured Debt subject to Bifurcation | Impaired: entitled to vote. | Secured Creditors will receive payment on their claim up to the value of their security; the remainder may fall to Class 4. This Class is divided into 2 subsections. |
| CLASS 4: General Unsecured Claims | Impaired: entitled to vote. | Unsecured Creditors will receive a total of $900.00 per quarter for 20 quarters. |

### A. CLASS 1:PRIORITY UNSECURED CLAIMS

Class 1 consists of the Priority Unsecured Claims against Debtor. Allowed claims in this category are unimpaired. Debtor potentially owes a priority claim to the Internal Revenue Service (hereinafter "I.R.S.").The I.R.S. has filed a priority claim of $5854.87. If this claim is determined to be valid, the Debtor will pay this amount over her 60 month Plan or according to what terms she may agree to with the I.R.S.

Debtor knows of no claims owing to either the Nevada or California Department of Taxation,

the Employers Insurance Company of either California or Nevada, or the Nevada or California Department of Employment Security, and no such claim has been filed by agencies. Priority claims will be paid after administrative claims but before secured and unsecured general claims.

Debtor is informed and believes that she has remained current on post-petition obligations to the I.R.S., which would consist of 1040 taxes on her personal income. Debtor knows of no obligations which she may have incurred for federal payroll withholding taxes following the filing of the bankruptcy. For the same reason, neither does she owe anything, arising post-petition, to the California Department of Taxation or to any other state taxing or regulatory agency.

**Debtor is in the process of investigating any amounts owed to the Clark County Treasurer, as well as the San Diego County Treasurer, for pre-petition property tax on her various properties.**

### B. Class 2: UNIMPAIRED SECURED CLAIMS:

**Class 2A: UNIMPAIRED SECURED CLAIMS- Secured Claim of Wells Fargo**

Class 2A consists of the obligation owed to Wells Fargo Bank, N.A. in the amount of $524,257.60 and secured by a first deed of trust against Debtor's primary residence located at 8136 Dolce Volpe Avenue, Las Vegas, Nevada 89178. According to the proof of claim on file herein, being Claim No. 8-1, $30,721.82 was owed as pre-petition arrears as of January 2010. The monthly regular debt service on this claim is approximately $3080.00. Debtor is informed and believes that she is current in this obligation, post petition. The arrears will be paid through the Debtor's Chapter 11 repayment plan at approximately $600.00 additional per month for 60 months. As this claim is unaltered by Debtor's Plan, it is unimpaired.

**Class 2B: UNIMPAIRED SECURED CLAIMS- Secured Claim of American Home Mortgage Servicing**

Class 2B consists of the obligation owed to American Home Mortgage Servicing in the amount of $315,990.48 and secured by a first deed of trust against Debtor's rental property located at 9718 Eucalyptus Avenue, Santee, California, 92071. Debtor is paying any arrears on this property according to the terms of an Adequate Protection Order which was agreed to with the lender. The monthly debt

service on this claim is approximately $2101.00. Debtor is informed and believes that she is current in this obligation, post petition. The arrears will be paid through the Debtor's Chapter 11 repayment plan at approximately $512.00 additional per month for 60 months. As this claim is unaltered by Debtor's Plan, it is unimpaired.

## C. CLASS 3: IMPAIRED SECURED CLAIMS:

**Class 3A: BIFURCATED SECURED CLAIMS- <u>Secured Claim of American Home Mortgage Servicing</u>**

Class 3A consists of the obligation owed to American Home Mortgage Servicing  in the amount of $652,265.40 and secured by a first deed of trust against Debtor's rental property at 9724 Eucalyptus Court, Santee, CA 92017. The appraised value of this property is $578,556.00.  The court has granted a motion to value this property at this amount.  Debtor will be proposing an APO agreement to the creditor for future payments based on the appraised value.   The remainder of this creditor's claim may fall to Class 4 in connection with confirmation of the Plan. As such, this claim will be entitled to two separate votes.  As this claim is being altered by Debtor's Plan, it is impaired.

**Class 3B- BIFURCATED SECURED CLAIMS-  <u>Secured Claim of Bank of America, N.A.</u>**

Class 3B consists of the secured obligation owed to Bank of America, N.A. in the amount of $106,679.87, secured by a second deed of trust against Debtor's rental property located at 9718 Eucalyptus Court, Santee, CA 92017. This property is also subject to a first mortgage held by American Home Mortgage Servicing in the amount of $315,990.48.  This property is valued at $355,000.00.  Debtor has filed a motion to value this property that will be heard on April 7, 2010.  This motion will ask for the secured claim of Bank of America, N.A. to be bifurcated into a secured portion of $67,690.35, with the remaining balance of $39,009.52 falling to class 4 in connection with confirmation of the Debtor's plan. As such, this claim will be entitled to two separate votes.

## D: CLASS 4 - UNSECURED CLAIMS (IMPAIRED)

Class 4 consists of the unsecured claims of Debtor's creditors. The Plan provides for payment, on a pro-rata basis, of allowed unsecured claims, the exact distribution schedule depending upon the

allowed amount of claims having higher priority, the number of such claims, and the amount of funds available. Unsecured claims also will be paid out of the funds contributed from any source to the Plan, and after the allowed amounts of all claims having a higher priority are paid in full. Debtor proposes to pay a percentage of these claims, and assuming that all filed or undisputed claims are allowed, the percentage of distribution will be approximately 15 percent, but will be capped at $18,000.00, paid $900.00 per quarter over 20 quarterly payments.

This class also includes any deficiency unsecured amounts stemming from two of Debtors' properties that foreclosed in 2009. See Debtor's Disclosure statement for more information on these properties. These properties are 5658 Dawn Falls, Las Vegas, NV 89148, and 208 Four Seasons Avenue, Hemet, CA 92545.

Unsecured general claims, including those unsecured portions held by the mortgage lenders on the rental property and the business location, will be paid pro rata, after other claims having higher priority, being administrative claims, priority claims, and secured claims, to the extent that funds are available. Debtor seeks a discharge of any unsecured general claims which are not proposed to be paid by the Plan. Therefore, this class is impaired.

**Anticipated Return for Unsecured Creditors**

It is anticipated that the proposed monthly payments, will bring a roughly 15% return for unsecured creditors. **See accompanying Disclosure Statement for further information regarding calculation of the anticipated percentage of return for unsecured creditors.**

## ARTICLE IV:Transfer of Claims

In the event that any creditor shall transfer its claim, it shall do so only in compliance with the Bankruptcy Rule 3001, and it shall promptly notify the Debtor in writing of such transfer. The Debtor shall be entitled to assume that no such transfer of any claim has been made by any creditor until after the compliance and receipt of such notice. Each transferee of any claim shall take the claim subject to the provisions of the Plan and any request made, waiver or consent given, or other action taken under the Plan, and except as expressly otherwise provided in the notice. The Debtor shall be entitled to assume conclusively that the transferee named in the notice shall thereafter be vested with all the rights and powers under the Plan of the transferor with respect thereto.

## ARTICLE V: Means for execution of the Plan

**Plan Distributions:**

-14-

Debtor will dedicate her net employment income and business income to the payments in the plan. The total amount paid to unsecured creditors through the Plan shall be determined by a variety of factors which are explained above, but is estimated to be around 15%.

No distribution shall be made from the Plan to creditors the claims of which are secured by Debtor's personal residence, as this claim is being paid in the ordinary course by Debtor in accordance with the creditor.

Other than as stated in the immediately preceding paragraph, distribution of the $900.00 quarterly payment will begin in accordance with the priority set forth in the United States Bankruptcy Code, to allowed unsecured creditors, to the extent funds are available, on the effective date of the Plan.

## ARTICLE VI: Modification of the Plan

Debtor retains the absolute right to modify this Plan in accordance with the provisions of the Bankruptcy Code. In this regard:

a. modifications may be proposed in writing by Debtor at any time prior to confirmation provided that the Plan, as modified, meets the requirements of the Bankruptcy Code.

b. The Plan may also be modified by Debtor at any time after the confirmation, and before its substantial consummation providing that the Plan, as modified, meets the requirements of the Bankruptcy Code and the circumstances justify the modification.

c. Any holder of an Allowed Claim that has accepted or rejected the Plan will be deemed to have accepted or rejected, as the case may be, the modified Plan unless, within the time fixed by the Court, such claim holder changes its previous acceptance or rejection.

d. Every modification of the Plan will supercede the previous version of the Plan. As superceded, the previous version of the Plan will be in the nature of a withdrawn or rejected settlement proposal and will be null, void, and unusable by the Debtor or any other party for any purpose whatsoever with respect to the contents of the modified version of the Plan.

## ARTICLE VII: Retention of Jurisdiction

Notwithstanding confirmation of this Plan, the Court shall retain jurisdiction until this Plan has been fully consummated, for the following purposes:

a. to determine whether any claim is allowable or payable, or any objection thereto (or the

-15-

appropriate proceeding) by the Debtor or by any other party in interest entitled to proceed in that manner.  As part of such retained jurisdiction, the Court will continue to determine the allowability of administrative claims and any requests for payment thereof, including professional fees and costs.

b. to determine any dispute which may arise regarding the interpretation of any provision of this Plan.  The Court shall also retain jurisdiction to correct any defect, the curing of any omission of the reconciliation and inconsistency in this Plan or in the Order of Confirmation as may be reasonably necessary to carry out the purposes and intention of this Plan. In addition, the Court will retain jurisdiction for the enforcement and interpretation of the terms and conditions of the Plan and the Order of Confirmation issued with regard thereof.

c. to facilitate the consummation of this Plan by entering, consistent with the provisions of this Plan, any further necessary or appropriate Order(s) regarding the enforcement of this Plan and any provisions thereof. This shall include the entry of any Order including injunctions necessary to enforce the title, rights and powers of Debtor's Plan and the imposition of such limitations, restrictions, terms and conditions of such title, rights and powers as the Court may deem necessary, just and proper.

d. to determine all questions and disputes regarding title to the assets fo the estate and determination of all causes of action, controversies, disputes, conflicts, whether subject to an action pending as of the date of confirmation between Debtor and any other party.  The Court shall retain jurisdiction to adjudicate any claim including, but not limited to the adjudication of any and all "core proceeding" under 28 U.S.C. §157(b) which may deem appropriate to initiate and prosecute.

e. to adjudicate the classification of claims of any creditor and the re-examination of a claim which may have been allowed for the purpose of voting, and the determination of such objections as may be filed to the creditors' claims. The failure by the Debtor to object or examine such claim for the purpose of voting shall not be deemed as a waiver of the Debtor's right to object or re-examine the claim in whole or in part as provided herein.

 f. to consider any modification of this Plan of Reorganization proposed prior to, or after, the confirmation of and the entry of Order of Confirmation pursuant to §1127 of the Bankruptcy Code.

g. for the purposes of entry of a final decree concluding and terminating the reorganization

-16-

case.

## ARTICLE VIII: Miscellaneous Provisions

**Disbursement:**

The disbursing agent for all payments made under the Plan shall be KIMBERLY WITHERS, Debtor or a professional to whom they may delegate this duty.

All property of the estate shall become the property of the Debtor once the plan is fully consummated and shall be deemed vested in the Debtor.

The entry of an Order confirming the Plan shall serve to release the Debtor from liability from any claim dealt with in the Plan to any extent other than that provided for in the Plan.

## ARTICLE IX: Allowance of Administrative Claims

Each administrative claimant shall be required to seek court determination of status as an administrative creditor, and as to the reasonableness of the claim. Debtor, as well as any other affected party, retain the rights to object to the allowance of any such administrative claims. With the exception of counsel for Debtor, any claimant, having an otherwise allowed or allowable claim, who does not bring a motion to determine administrative status within ninety (90) days following the confirmation of the Plan, shall be deemed to hold an unsecured claim without priority, and shall receive the treatment of that class.

## ARTICLE X:Rights of Priority Claimants

All claimants having a claim of the kind specified described in 11 U.S.C. §507(a)(7) will receive on account of such claim deferred payments, over a period not exceeding five years after the date of assessment of such claim, of a value, as of the effective date of the Plan, to the allowed amount of such claim.

Except as otherwise might be agreed, the Internal Revenue Service shall receive on account of its priority claims deferred cash payments commencing on the effective date of the Plan and continuing monthly thereafter.

## ARTICLE XI: Rights of Secured Claimants

-17-

Notwithstanding any other provision in the Plan, no secured claimant shall be required to accept less than the present value of the amount which would be received if the Debtor's property were liquidated under Chapter 7 of the Bankruptcy Code, unless such secured creditor agrees to the contrary. Additionally, notwithstanding any other provision in the Plan to the contrary, in any sale or auction of the assets of the Debtor pursuant to the Plan, secured creditors may avail themselves of any right conferred upon them by the Bankruptcy Code or obtained by them from the Bankruptcy Court.

## ARTICLE XII: Rights of Unsecured Claimants

Notwithstanding any other provision in the Plan, no claimant holding an unsecured claim without priority shall be required to accept less than the present value of the amount which would be received by such claimant if the Debtor's property were liquidated under Chapter 7 of the Bankruptcy Code, unless such creditor holding an unsecured claim without priority agrees to the contrary. **See Liquidation Analysis section of accompanying Disclosure Statement for further information regarding potential liquidation value of the Debtors' estate. Please also see Exhibit C, List of Debtor's Assets.**

## ARTICLE XIII: Executory Contracts

Debtor intends to accept the lease on her rental property located at 9718 Eucalyptus Court, Santee, CA 92071. Debtor's company, Lilac Chateau Home Health Care also has four (4) leases with patients to provide care at Debtor's business. Debtor intends to accept these leases. **(See Exhibit D to the Disclosure Statement, List of Leases to be Accepted or Rejected).**

## ARTICLE XIV: Miscellaneous Provisions

_____ The disbursing agent for all payments made under the Plan shall be Debtor or a professional to whom they may delegate this duty. All properties of the estate shall become the property of the Debtor once the Plan is fully consummated and shall be deemed vested in Debtor. The entry of an Order confirming the Plan shall serve to release the Debtor from liability for any claim dealt with in the Plan to any extent other than provided for in the Plan.

### ARTICLE XV: Cram-Down(11 U.S.C. 1129(b)

_____ If all of the applicable requirements for confirmation of a plan are met, other than the requirement set forth in 1129(a)(8), to wit: that each impaired class accept the Plan, Debtor requests that the Plan be confirmed notwithstanding such requirement if the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan.

### ARTICLE XVI: Payment of Section 1930 Fees

All fees required by Section 1930 have been paid, or if not paid, will be paid on the effective date of the Plan.

### ARTICLE XVII: Revocation of Plan

The Debtor reserves the right to revoke or withdraw the Plan prior to the confirmation hearing and to file subsequent Chapter 11 plans. If the Debtor revokes or withdraws a Plan, or if confirmation does not occur, then: (1) the Plan shall be null and void in all respects; (2) any settlement or compromise embodied in the Plan, assumption or rejection of Executory Contracts or Unexpired Leases effected by the Plan and any document or agreement executed pursuant hereto shall be deemed null and void except as may be set forth in a separate order entered by the Court; and (3) nothing contained in this Plan shall (a) constitute a waiver or release of any Claims by or against the Debtor or any other entity; (b) prejudice in any manner the rights of the Debtor or any other entity; or (c)constitute an admission, acknowledgment, offer or undertaking of any sort by the Debtor or any other entity.

### ARTICLE XVIII: Discharge

The Chapter 11 discharge extends to all parties who have claims and who have been given notice of the filing of the bankruptcy or have constructive knowledge of the bankruptcy case in time to allow a timely filing of a Proof of Claim.

Confirmation of this Plan does not discharge any debt provided for in this Plan until the Court grants a discharge on completion of all payments under this Plan, or as otherwise provided for in §1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from

-19-

discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

All claims against Debtor shall be satisfied through execution of the Plan or discharged and released in full and all creditors and holders of claims shall be precluded from asserting against Debtor, or her assets or property claims based upon an act, omission, transaction, or any other activity of any kind that occurred prior to the confirmation date of the Plan.

Debtor retains the right to obtain any discharge available under 11 U.S.C. 1141 under any theory.  If the assets of Debtor are liquidated, the proceeds therefrom shall be distributed in accordance with the provisions of the Bankruptcy Code and the confirmed Plan.  If the Debtor is entitled in any respect to a discharge of some or all of their obligations, she retains the right to seek same.

### ARTICLE XIX: Incorporation of Disclosure Statement

The Court-approved Disclosure Statement, as it may be amended in the Order of the Court approving same, and to the extent that it is not in conflict with the Plan of Reorganization is incorporated herein by reference as though set forth at length, since it may disclose information helpful in the confirmation of the Plan.


Dated this 19th day of May, 2010


/s/Elizabeth DeFlyer, Esq.
Elizabeth DeFlyer, Esq.
Nevada Bar No. 010021
6615 South Eastern Avenue Ste.108
Las Vegas, NV 89119
Attorney for Debtor in Possession

-20-